UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WALLY W. RICE,

    Plaintiff,

v.                                           CAUSE NO. 3:21-CV-328-DRL-MGG

HYATT *et al.*,

    Defendants.

## OPINION AND ORDER

Wally W. Rice, a prisoner without a lawyer, filed an amended complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Rice alleges that, on May 18, 2020, he was being housed with level three offenders when his own security classification had dropped to a level two. An inmate attacked him without warning. Mr. Rice contends that he should not have been housed with inmates of a different security classification.

"[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westerfer v. Neal,* 682 F.3d 679 (7th Cir. 2021) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is the type of decision that is squarely within the discretion of prison officials.

Mr. Rice also contends that the defendants failed to protect him. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). The complaint does not allege facts from which it can be plausibly alleged that any named defendant knew there was a substantial risk that Mr. Rice would be attacked and failed to respond to that risk.

Mr. Rice received medical care for his injuries, but he is unhappy with the quality of the care he received from Dr. Carl E. Kuenzli and Dr. Robert Mehl. According to the amended complaint, Dr. Kuenzli mislabeled a medical report, indicating that Mr. Rice had opacification to the left maxillary antrum and chronic changes from a remote fracture

with right facial trauma. This error impacted the treatment decisions of another physician, Dr. Robert Mehl, causing him to avoid treating multiple fractures and resulting in improper healing and permanent damage.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farme*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor

3

does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Here, Mr. Rice alleges that Dr. Kuenzli made an error, and that Dr. Mehl[1] relied upon that error in determining the course of treatment. That does not amount to deliberate indifference.

Mr. Rice alleges that Administrative Assistant S. Morson also denied him access to treatment. The amended complaint, however, offers no further explanation. Mr. Rice has not alleged specific facts from which it can be inferred that Administrative Assistant S. Morson was deliberately indifferent to his medical needs.

Mr. Rice also alleges that the prison's grievance procedure was changed, but the changes were not properly explained to inmates. Mr. Rice also had trouble getting forms from staff members. He has sued Robert E. Carter, Jr. and Warden Hyatt for not properly notifying inmates of the grievance policy changes. Additionally, he has sued Grievance Specialist T. Riggle because he is unhappy with how his July 2, 2020, grievance was processed. Mr. Rice has no constitutional right to access the grievance process. *See*

---

[1] Dr. Mehl appears to be an employee of Meridian Radiology, not an employee of the Indiana Department of Correction or Wexford of Indiana, LLC. Thus, he does not appear to have been acting under color of state law, as required under 42 U.S.C. § 1983. As explained above, however, even if he were acting under color of state law, the complaint does not allege facts from which it can plausibly be inferred that he was deliberately indifferent to Mr. Rice's medical needs. Furthermore, Mr. Rice cannot proceed against Dr. Mehl on a State law claim for medical malpractice because Mr. Rice did not first present the proposed complaint to the medical review panel and receive an opinion from the panel. *See* Ind. Code § 34-18-8-4; *Terry v. Community Health Network*, 17 N.E.3d 389, 393 (Ind. Ct. App. 2014); *Hines v. Elkhart Gen. Hosp.*, 603 F.2d 646, 647 (7th Cir. 1979).

*Grieveson*, 538 F.3d at 770 (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Rice may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Wally W. Rice until **August 20, 2021**, to file an amended complaint; and

(2) CAUTIONS Wally W. Rice if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 26, 2021                                                               *s/ Damon R. Leichty*
                                                                            Judge, United States District Court